UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GEORGE CUARTERO,                        :
                                        :
        Plaintiff,                      :
                                        :
        v.                              :
                                        :       CASE NO. 3:05CV1161 (RNC)
UNITED STATES OF AMERICA,               :
                                        :
        Defendants.                     :
                                        :
                                        :

RULING ON MOTION TO COMPEL

        The plaintiff has filed this lawsuit seeking review of the
Internal Revenue Service's ("IRS") decisions regarding his tax
liability.  The plaintiff's complaint appears to allege that the
IRS has failed to point him to any law authorizing it to tax him.
In addition, he challenges the regulations and procedures that
the IRS applied in determining that he was liable for unpaid
taxes and in entering a tax lien upon his Social Security
retirement benefits.  Plaintiff's complaint includes allegations
that the IRS deprived him of due process by failing to provide
him with certain documents during the administrative proceeding.
Plaintiff has now requested some or all of those documents in
formal discovery in this proceeding.

        Pending before the court is plaintiff's Resubmitted Motion
to Compel Answers to Amendment to Interrogatories and Admissions

(doc. #24).[1]  Plaintiff served a series of interrogatories and requests for admission upon the defendant.  The defendant objected to these discovery requests on several grounds.  First, the defendant claims that this court lacks subject matter jurisdiction of some of plaintiff's claims.  In addition, the defendant argues that, where a court reviews an administrative agency determination, such review is for abuse of discretion only and is limited to the administrative record.  The defendant urges the court to stay discovery pending a decision on its Motion to Affirm Determination Concerning Collection Action and Motion to Dismiss All Other Claims (doc. # 26) (the "Motion to Dismiss").[2]

Pursuant to Fed. R. Civ. P. 26(c), the court "has the discretion to stay discovery for 'good cause,' and . . . good cause may be shown where a party has filed (or sought leave to file) a dispositive motion." Anti-Monopoly, Inc. v. Hasbro, Inc., No. 94 Civ. 2120, 1996 U.S. Dist. LEXIS 2684, * 6 (S.D.N.Y. Mar. 7, 1996); see also Transunion Corp. v. PepsiCo, Inc., 811 F.2d 127, 130 (2d Cir. 1987)(upholding trial court's decision to

---

[1]Plaintiff's original Motion to Compel was denied for failure to comply with the requirements of D. Conn. L. Civ. R. 37.  The resubmitted motion was referred to the undersigned by Chief Judge Robert N. Chatigny (doc. #25).

[2]The Motion to Dismiss, which is pending before Judge Chatigny, addresses the legal viability of plaintiff's claims, the court's jurisdiction over those claims and the question of whether the plaintiff was entitled to the production of certain documents during the course of the I.R.S. proceedings. If successful, it could be dispositive of all or part of plaintiff's complaint.

stay discovery pending decision on *forum non conveniens* motion, because permitting discovery would defeat the purpose of the motion); Rivera v. Heyman, No. 96 Civ. 4489, 1997 U.S. Dist. LEXIS 2003, *3 (S.D.N.Y. Feb. 27, 1997) (noting that where there was a "substantial argument for dismissal" and where the motion to dismiss could significantly narrow, if not eliminate, the issues in the case, proceeding with discovery "would waste the parties' resources and constitute an undue burden on defendants").  In determining whether good cause exists for a stay of discovery, the court should consider several factors, including the breadth of the discovery sought, the burden of responding to it, and the prejudice that would be suffered by the party opposing the stay." Anti-Monopoly, Inc., 1996 U.S. Dist. LEXIS 2684, * 7-8 (S.D.N.Y. Mar. 7, 1996).  "[A] court should also consider the strength of the dispositive motion that is the basis of the discovery stay application." Spencer Trask Software and Info. Serv.s, LLC v. RPOST Int'l Ltd., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

The plaintiff has not responded to the suggestion that discovery should be stayed.  Nor has the plaintiff provided any explanation why discovery should go forward in the face of the defendant's assertion that this court lacks jurisdiction and that the plaintiff is not entitled under law to the discovery he seeks.

Plaintiff also has not indicated that he requires discovery in order to respond to the Motion to Dismiss.  Indeed, he has already filed an objection to the Motion to Dismiss, with a supporting memorandum of law (docs. #28, 29).  Plaintiff's objection to the Motion to Dismiss does not indicate that he was hampered in preparing it because of the lack of discovery.

The court expresses no opinion as to the outcome of the Motion to Dismiss, but the defendant's memorandum of law does appear to raise substantial issues based on statutes, caselaw and the facts of this case.  In addition, there is significant caselaw suggesting that, in the administrative proceedings, the plaintiff was not entitled to production of the documents that he now seeks from the IRS. See, e.g., Farenga v. U.S., No. 5:01-CV-1478, 2004 U.S. Dist. LEXIS 7290, *11-17 (N.D.N.Y. Mar. 24, 2004) (in administrative proceedings, IRS was not required to produce to the taxpayer regulations, statutory authority, evidence of delegations of administrative authority or the identity and authority of individuals who authorized penalties); Borchardt v. Commissioner of Internal Revenue, 338 F. Supp. 2d 1040, 1044 (D. Minn. Oct. 12, 2004) (in administrative proceedings, IRS had no obligation to produce the identity of employees who determined a taxpayer's return, a copy of the Delegation of Authority empowering IRS employees to assess penalties, a copy of a supervisor's written approval to assess such penalty, or

4

documentation backing up the Secretary of the Treasury's verification that all applicable law and administrative procedures have been complied with); <u>Cole v. U.S.</u>, No. 1:02-CV-137, 2002 U.S. Dist. LEXIS 22892 (W.D. Mich. Oct. 21, 2002) (in administrative proceedings, IRS was not required to produce delegations of authority or other verification that proper procedures had been followed); <u>Olsen v. U.S.</u>, 414 F.3d 144 (1st Cir. 2005). There is also caselaw indicating that, even if the plaintiff's claim survives the Motion to Dismiss, he is not entitled to any discovery beyond the administrative record. <u>See, e.g.,</u> <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973) ("[t]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); <u>Olsen v. U.S.</u>, 414 F.3d 144, 155 (1st Cir. 2005)(citing <u>Camp v. Pitts</u> as authority for upholding denial of motion for discovery in a tax appeal case); <u>Gardner v. U.S.</u>, No. 04-2686, 2005 U.S. Dist. LEXIS 12364 (D.N.J. Apr. 5, 2005) (denying plaintiff's motion to suspend final ruling on IRS's motion for summary judgment pending discovery, because plaintiff was not entitled to any discovery beyond administrative record).

The court need not decide, at this juncture, whether the plaintiff is entitled to any discovery at all. Rather, the court merely finds that there is good cause for staying discovery pending a decision on the Motion to Dismiss. Permitting

discovery to proceed at this point would be unduly burdensome to the defendant and would be inefficient for both parties, since the court's decision on the Motion to Dismiss may significantly narrow the issues.  If discovery were to continue, it would also be likely to result in additional motion practice, since the IRS contends that it is not required to produce anything at all to the plaintiff.  The prejudice to plaintiff from a stay of discovery will be minimal, as discovery will only be stayed until a decision is reached on the Motion to Dismiss.

For all the foregoing reasons, discovery in this action is stayed pending resolution of the defendant's dispositive motion (doc. #26).  Plaintiff's Motion to Compel (doc. #24) is denied without prejudice.  If the plaintiff's complaint survives the Motion to Dismiss in whole or in part, the plaintiff may resubmit his Motion to Compel.

SO ORDERED at Hartford, Connecticut this 1st day of November, 2006.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge